UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



FILED

2004 JAN 21  P 2: 26

U.S. DISTRICT COURT
HARTFORD, CT.

DONALD QUIRK,
       -Plaintiff

-v-                              CIVIL No. 3:00CV1042(DJS)(TPS)

GARREL MULLANEY, et al.,
       -Defendants

### RECOMMENDED RULING ON PENDING MOTIONS

The pro se plaintiff, Donald Quirk, a patient at Connecticut Valley Hospital, brought this civil rights action against the defendants under several theories. On January 16, 2004, a hearing was held before the undersigned to address the defendants' motions for sanctions and other pending motions. In light of the evidence presented at the hearing, the defendants' Third Motion for Sanctions **(Dkt. # 179)** should be **GRANTED**. As a result, <u>the case should be dismissed</u>. Therefore, all remaining pending motions—the plaintiff's Motion for Order **(Dkt. # 153)**, the defendants' Motion for Sanctions **(Dkt. #162)**, the plaintiff's Motion for Miscellaneous Relief **(Dkt. # 168)**, the plaintiff's Motion to Stay **(Dkt. # 171)**, the defendants' Second Motion for Sanctions **(Dkt. #172)**, and the plaintiff's Motion to Dismiss **(Dkt. # 180)**—should be **DENIED AS MOOT**.

The relevant facts are as follows. On February 3, 2003, the defendants filed a motion to dismiss and/or default against the

plaintiff for failing to properly respond to interrogatories and a request for the production of documents.[1] (Dkt. # 127). The court denied that motion but ordered the plaintiff to properly respond to the defendants' discovery requests and file notice of compliance by June 5. (Dkt. # 146). The plaintiff failed to do so.

Subsequently, on July 25, the defendants filed a motion for modification of the scheduling order due to plaintiff's failure to respond to their discovery requests. (Dkt. #159). Additionally, on August 11, the defendants filed their first motion for sanctions premised upon the plaintiff's failure to serve answers to interrogatories and to produce documents in violation of Rules 33 and 34 of the Federal Rules of Civil Procedure. (Dkt. ## 162 and 163). They asked that the court dismiss the case. On August 13, that motion was granted in part and the court again ordered the plaintiff to properly respond to the defendants' discovery requests warning that "[i]f the plaintiff fails to file his notice of compliance within fifteen days of the date of this order, the court will consider imposing sanctions, including dismissal of this case." (Dkt. #164). Again, the plaintiff failed to do so.

The plaintiff responded that, because he was "categorically, unequivocally, and unconditionally" denied the use of a photocopier, he could not properly respond to the defendants' discovery requests. (Dkt. #170). However, he was able to file a

---

[1] The discovery requests were originally mailed to the plaintiff on July 17, 2002. (See Dkt. # 164).

host of other declarations and motions. (See, e.g. Dkt. ## 151-156, 158, 166-169).

On August 29, the defendants filed a second motion for sanctions which noted the plaintiff's noncompliance with the August 13th order and reiterated its grounds for dismissal. (Dkt. # 172). In a supporting memorandum, the defendants provided affidavits from Whitney Boynton, M.D., a psychiatrist at Connecticut Valley Hospital ("CVH"); Kelly Nichols-Johnson, a psychiatric social worker at CVH; and Mary Zainalvand, a social worker at CVH. (Dkt. # 176). Each asserted that the plaintiff's requests for copying were granted on a regular basis so long as they did not interfere with their responsibilities at CVH. (Id.).

On October 10, the court again ordered the plaintiff to properly answer all interrogatories and provide the defendants with copies of all documents they required by November 9. (Dkt. # 178). The court noted that "[f]ailure to comply with this order may result in the dismissal of the case." (Id.). Again, however, the plaintiff failed to respond. As a result, the defendants filed a third motion for sanctions asking the court to dismiss the case. (Dkt. # 179). The plaintiff claimed that, while he was allowed access to a photocopier, he was not allowed to use it to respond to discovery requests. (Dkt. # 180).

To resolve this issue, as well as to consider all other pending motions, the court held a hearing on January 16, 2004. However, despite the issuance of a writ of habeas corpus ad

testificandum (Dkt. # 181) and an order to produce (Dkt. # 182), the plaintiff refused to attend. At the hearing, the defendants offered the testimony of Kelly Nichols-Johnson, Mary Zainalzand, Whitney Boynton, M.D., and Lakisha Hyatt, a registered nurse at CVH. Each testified that the plaintiff was allowed reasonable access to a photocopier. Moreover, each testified that the decision to allow the plaintiff access to a photocopier was not in any part based on whether the documents were responsive to the defendants' discovery requests. Dr. Boynton and Ms. Hyatt testified that while arrangements had been made for the plaintiff to attend the hearing, he had refused to come.

This case has gone on for a considerable amount of time. The defendants have complied with all reasonable requests and gone out of their way to assist the plaintiff. The court has seen the plaintiff ignore order after order. Absolutely nothing has impeded the plaintiff's complying with these orders. The Assistant Attorney General has cooperated and assisted in every respect. This discovery dispute has gone on for a year and a half. During that time, the plaintiff has filed many irrelevant and incoherent pleadings while failing to respond the defendants' reasonable discovery requests. In light of the evidence presented, the court finds the plaintiff's allegations to be untruthful. In view of this finding, and the plaintiff's continued noncompliance with discovery requests and court orders, the court recommends that the third motion for sanctions be granted and that the case be

dismissed. Moreover, all other pending motions should be denied as moot.

The plaintiff may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b). Failure to do so may bar further review. 28 U.S.C. § 636(b)(1)(B); <u>Small v. Sec'y of Health & Human Servs</u>, 892 F.2d 15, 16 (2d Cir. 1989).

IT IS SO ORDERED.


Dated at Hartford, Connecticut this 21st day of January, 2004.

_____
THOMAS P. SMITH
UNITED STATES MAGISTRATE JUDGE